UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Edgar Avitia De La Vega,<br><br>               Plaintiff(s),<br><br>vs.<br><br>Ayman Enterprises, Inc., *et al*.,<br><br>               Defendant(s). | 2:23-cv-00865-RFB-MDC<br><br>**ORDER DENYING IN PART AND DENYING IN PART MOTION FOR SANCTIONS (ECF NO. 27) AND DENYING MOTION TO STRIKE WITHOUT PREJUDICE AND WITH LEAVE TO REFILE (ECF NO. 31)** |

      Plaintiff Edgar Avitia De La Vega filed a *Motion for Sanctions* (ECF No. 27) and a *Motion to Strike* (ECF No. 31). The Court GRANTS plaintiff's Motion for Sanctions in part, only to the extent that the Court now orders that defendant Eugene Mitchell MUST both (1) verify his interrogatory responses and (2) appear for a deposition by January 15, 2025. The Court denies the rest of the Motion to Sanctions without prejudice, with leave to refile. The Court also DENIES the Motion to Strike in its entirety as premature, with leave to refile. The plaintiff may not renew these motions until after January 15, 2025.

**I. BACKGROUND**

      This is a personal injury case. Defendant Mitchell allegedly crashed his employer's truck into plaintiff's vehicle. Plaintiff argues in his Motion for Sanctions that defendant Mitchell is refusing to sit for a deposition and to provide verification of his interrogatory responses. ECF No. 27 at 6. Plaintiff argues that the Court should impose litigation-ending sanctions for Mitchell's failure to participate in discovery. ECF No. 27 at 8. Plaintiff specifically asks that the Court strike defendant Mitchell's answer, witness statements, discovery responses, and both defendants' ability to call Mitchell later a witness at trial. *Id.* at 9. Plaintiff argues in his Motion to Strike that the Court should also strike the defense expert's biomechanical opinions because the opinions stem from stem Mitchell's recollection of the crash. ECF No. 31 at 2. Defense counsel (who represents both defendant Mitchell and Ayman

Enterprises, Inc.) argues in opposition that Mitchell has vanished and that the defense has hired a private investigator to locate Mitchell. See ECF Nos. 29 and 32. Plaintiff argues in his replies that Mitchell's involvement in the case is paramount for Edgar to prosecute his claims. ECF Nos. 30 and 33.

**II. DISCUSSION**

    **A. Legal Standard**

The Ninth Circuit has recognized that striking a party's pleadings is a harsh penalty and "should be imposed as a sanction only in extreme circumstances." *Thompson v. Housing Authority of the City of Los Angeles*, 782 F.2d 829, 831 (9th Cir.1986). Because dismissal is such a severe remedy, the Ninth Circuit requires that such sanctions be imposed only after the district court weighs several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. See id.

The first factor weighs in plaintiff's favor. This case has been ongoing for over a year, and issuing case terminating sanctions right now would lead to a more expeditious resolution of this litigation. The second factor is neutral, as on the one hand, issuing case terminating sanctions now could be more efficient for the court's docket as it may bring this case to an end sooner. However, considering the guidance from the Ninth Circuit that striking a pleading is harsh and should only be imposed in extreme circumstances, terminating Mitchell now may tie this case up appeals. This is also not an extreme circumstance. The risk of prejudice to the party seeking sanctions weighs only slightly in plaintiff's favor, as it is not clear that resolving the issue now or in a few months would greatly prejudice plaintiff. The fourth and fifth factors weigh in the defendant's favor. Entering case terminating sanctions against Mitchell is not a decision on the merits. Also, defense counsel and defendant Ayman Enterprises have made a good faith effort to locate Mitchell by hiring a private investigator. So currently, less drastic sanctions are available, which plaintiff has not sought. The Court orders that Mitchell must

appear for deposition and verify his interrogatory responses. The Court trusts that the defense team will make every available attempt to ensure his appearance. The Court believes that compelling Mitchell's attendance and verification is a less drastic remedy at this juncture.

Since the Court gives defendant Mitchell another opportunity to comply, now under Court Order, the Court denies plaintiff's Motion to Strike as premature. The Court, however, cautions defendants that it will consider the scope of sanctions that plaintiff has raised if Mitchell does not comply with this order.

ACCORDINGLY,

**IT IS ORDERED** that:

1. Plaintiff Edgar Avitia De La Vega's *Motion for Sanctions* (ECF No. 27) is GRANTED IN PART, as specified in this Order, and DENIED IN PART WITHOUT PREJUDICE. The Motion for Sanctions is granted only to the extent that the Court now ORDERS that defendant Eugene Mitchell MUST both:
    a. verify his interrogatory responses on or before January 15, 2025, and
    b. appear for a deposition on or before January 15, 2025.
2. Plaintiff's *Motion to Strike* (ECF No. 31) is DENIED as premature and without prejudice.
3. Plaintiff may renew both motions, if necessary, after January 15, 2025.

DATED December 11, 2024

                                                         _____
                                                         Hon. Maximiliano D. Couvillier III
                                                         United States Magistrate Judge