# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| Edgar Avitia De La Vega, | 2:23-cv-00865-RFB-MDC |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION TO GRANT AND DENY THE PLAINTIFF'S MOTION FOR SANCTIONS IN PART (ECF NO. 38)** |
| vs. | |
| | **AND** |
| Ayman Enterprises, Inc., et al., | |
| Defendants. | **ORDER GRANTING AND DENYING THE PLAINTIFF'S MOTION TO STRIKE IN PART (ECF NO. 39)** |

Plaintiff Edgar Avitia De La Vega filed a *Motion for Sanctions* and a *Motion to Strike. ECF Nos. 38 and 39*. The Court held a hearing on the Motions and took the matter under submission. ECF No. 50. The Court RECOMMENDS that the Motion for Sanctions be GRANTED AND DENIED IN PART. *ECF No. 38*. The Court ORDERS that the Motion to Strike is GRANTED AND DENIED IN PART. *ECF No. 39*.

**I. BACKGROUND**

This is a personal injury case. Defendant Clarence Eugene Mitchell II allegedly crashed his employer's truck into plaintiff's vehicle. Defendant Mitchell has disappeared, and he has not cooperated in discovery. The Court previously denied the plaintiff's Motions without prejudice to give co-defendant Ayman Enterprises, Inc. ("Ayman") time to try to find Mitchell. *ECF No. 35*. The Court also *sua sponte* gave defendant Mitchell another opportunity to verify his interrogatory responses and appear for a deposition. *Id. at 3*. Ayman hired a private investigator but could not locate Mitchell. The plaintiff argues that the defendants should both be sanctioned by striking Mitchell's answer, witness statements, the unverified discovery responses, the ability to call Mitchell at trial, and to strike both defendants'

liability defenses due to lack of admissible evidence. *ECF No. 38*. Plaintiff also argues that defense counsel should be sanctioned because they sent plaintiff unverified interrogatory responses. *Id. at 3*. Ayman argues that (1) less drastic sanctions are available, (2) that it has not acted in bad faith, and (3) that it should not be foreclosed from presenting evidence that it is not liable for the accident and that the plaintiff was comparatively negligent. *ECF No. 40*. At the hearing, the parties agreed that there was nothing in the unverified interrogatory responses that was new or unknown to the plaintiff.

The plaintiff argues in his Motion to Strike that the Court should also strike defendant Ayman's biomechanical expert, Dr. John Baker, (1) as a sanction and (2) because the expert relied on Mitchell's statements. *ECF No. 39*. The defendant argues that Dr. Baker's opinion is not dependent on Mitchell's statements, but regardless, experts are allowed to consider evidence that is not admissible. *ECF No. 41*.

## II. DISCUSSION

### A. Legal Standard for the Motion for Sanctions

The court has authority under FRCP 37 to impose litigation-ending sanctions for a defendant's failure to participate in discovery. *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d, 521 (9th Cir. 1997) (upholding the district judge's entry of default judgment against a defendant for repeatedly failing to submit to a deposition). If a party fails to appear before the officer who is to take his properly noticed deposition, the Court may issue such orders that are just given the failure, including but not limited to the sanctions in FRCP 37(b)(2)(A), (B), and (C). FRCP 37(d); *ProDox, LLC v. Pro. Document Servs., Inc.*, 341 F.R.D. 679, 683 (D. Nev. 2022), objections overruled, No. 2:20-cv-02035-JAD-NJK, 2022 WL 2275185 (D. Nev. June 22, 2022).

The same sanctions can apply if a party fails to verify his responses to interrogatories. FRCP 37(d)(1)(A)(ii). These potential sanctions include: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from

introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The Ninth Circuit has recognized that striking a party's pleadings is a harsh penalty and "should be imposed as a sanction only in extreme circumstances." *Thompson v. Housing Authority of the City of Los Angeles*, 782 F.2d 829, 831 (9th Cir.1986). Because dismissal is such a severe remedy, the Ninth Circuit requires that such sanctions be imposed only after the district court weighs several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. *See id.*

### B. Analysis of the Motion for Sanctions

The first and second *Thompson* factors weigh in plaintiff's favor because entering case terminating sanctions against both defendants would end this litigation expeditiously which would clear the court's docket. The risk of prejudice weighs only slightly in plaintiff's favor because plaintiff may not be greatly prejudiced by Mitchell not defending himself. For example, the plaintiff will be able to tell his side of the story at trial, and Mitchell will not be there to contradict him. The public policy that favors deciding cases on the merits weighs in the defendant Ayman's favor because the co-defendant company should not be cut off from being able to defendant itself because Mitchell absconded. The public policy factor weighs against defendant Mitchell, however, as he is not participating in this case. The fifth factor weighs in defendant Ayman's favor because slightly less drastic sanctions are available. The fifth factor weighs against co-defendant Mitchell, however, as the Court has given Mitchell a chance to correct his interrogatories and be deposed, but he has continued to ignore this Court's orders.

On balance, the Court recommends that case terminating sanctions be levied against defendant

3

Mitchell only for failing to participate in discovery. The Court gave Mitchell additional time and another chance to defend himself. There are no viable alternatives given that Mitchell has refused to participate in this lawsuit. The Court also warned Mitchell in its previous order that it would consider the scope of sanctions that plaintiff raised if Mitchell did not comply with discovery. *See Order at ECF No. 35 at 3.*

The Court recommends that Mitchell's answer, witness statements, and the unverified discovery responses be stricken. The Court also recommends that the defendant shall be unable to call Mitchell at trial if he emerges as a witness. This is a lesser sanction on balance because co-defendant Ayman will still be able to defend itself at trial, as there is no evidence that Ayman is at fault because Mitchell vanished. The Court declines to recommend striking the defendants' liability defenses due to lack of admissible evidence because defendant Ayman may still be able to rely on other evidence to defend itself. The Court also declines to recommend that counsel be sanctioned regarding the unverified interrogatory responses because the responses only contained facts already known to the plaintiff, and counsel took steps to locate defendant Mitchell. While the Court does not find sanctions are appropriate, it does caution defense counsel that Rule 33 requires substantive responses to be made by the party and that plaintiff's counsel should have been notified sooner about the circumstances.

**C. Legal Standard for the Motion to Strike**

If a party disobeys a discovery order, the Court may issue such orders that are just given the failure, including but not limited to the sanctions designated under FRCP 37(b)(2)(A), (B), and (C). FRCP 37(d); *ProDox, LLC v. Pro. Document Servs.*, Inc., 341 F.R.D. 679, 683 (D. Nev. 2022), *objections overruled*, No. 2:20-cv-02035-JAD-NJK, 2022 WL 2275185 (D. Nev. June 22, 2022). Under its "inherent authority," the Court may impose the same sanctions even if the party does not disobey a discovery order but instead violates or disregards the discovery process. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006); *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981) ("Dismissal is a proper sanction under Rule 37(d) for a serious or total failure to respond to discovery even without a

prior order."). The Court may go so far as to prohibit "the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." FRCP 37(b)(2)(A)(ii).

A trial court's decision to admit or exclude expert witness testimony is subject to an abuse of discretion standard if questioned at an appellate level. *General Electric Co. v. Joiner*, 522 U.S. 136, 143, 118 S.Ct. 512 (1997). In *Daubert v. Merrel Dow Pharmaceuticals, Inc*., 509 U.S. 579, 113 S. Ct. 2786 (1993), the United States Supreme Court concluded that the analysis for the admissibility of expert opinions should conform strictly to the Federal Rules of Evidence. 509 U.S. at 589, 113 S. Ct. at 2795. It characterized the trial judge's role to determine whether the proffered testimony met the criterion of admissibility as that of a "gatekeeper." *Id.* at 597, 113 S. Ct. at 2798.

Federal Rule of Evidence 702, governing expert testimony, provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." FRE 703 stands for the proposition that an expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed, even if those facts or data are not admissible in evidence.

**D. Analysis of the Motion to Strike**

Regarding plaintiff's arguments that the report should be stricken as a discovery sanction, the Court finds that this Rule 37 sanction against Ayman is not appropriate here. Ayman is not responsible for Mitchell's disappearance and made substantial efforts to locate Mitchell. The unverified discovery responses, as analyzed above, are not grounds for case terminating sanctions against Ayman because lesser sanctions are available. While defense counsel could have addressed the circumstances differently, the Court finds that counsel did not fraudulently sign the discovery responses so plaintiff's arguments that counsel committed fraud by sharing the unverified responses is unwarranted.

Experts may rely on inadmissible evidence. The Court does note that plaintiff is prejudiced because the plaintiff already deposed the expert before it became aware that Mitchell had absconded and had prepared, or reviewed and adopted, his interrogatory responses. The Court believes that reopening the deposition and allowing plaintiff an opportunity to depose Dr. Baker regarding his reliance on Mitchell's statements, including his interrogatory responses, at defendant Ayman's expense will ameliorate any prejudice. Prejudice to the plaintiff will be minimized because he may also impeach the expert at trial regarding any reliance on Mitchell's statements at trial. Plaintiff is also not prejudiced because he may still challenge the scientific basis of the expert's report in a motion *in limine* before trial. The Court finds that striking the expert opinion at this time is not appropriate.

Accordingly, IT IS SO RECOMMENDED and ORDERED:

**The Court RECOMMENDS that:**

1. The Motion for Sanctions (ECF No. 38) be GRANTED AND DENIED IN PART as discussed in this Order.
2. Defendant Mitchell's Clarence Eugene Mitchell II's answer, witness statements, and the unverified discovery responses, should be STRIKEN. Ayman Enterprises, Inc's answer should not be stricken.
3. Defendant Mitchell should also be PRECLUDED from being called at trial.

**The Court ORDERS that:**

1. The Motion to Strike (ECF No. 39) is GRANTED AND DENIED IN PART as discussed in this Order.
2. If the Court adopts this Report and Recommendation (in full or in part), the plaintiff is CAN FILE a Motion for Attorney's fees within thirty-days of the Court's Order adopting the Report and Recommendation. The Court will consider ordering defendant Mitchell to pay all of plaintiff's attorney's fees/costs for having to bring both the first and the renewed Motion

for Sanctions and the fees/costs associated with written discovery and the depositions against defendant Mitchell.

Dated: June 20, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge