JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
DANIELLE A. TARMU, ESQ.
Nevada Bar No. 11727
JOHN M. QUINN, ESQ.
Nevada Bar No. 16609
**MAIER GUTIERREZ & ASSOCIATES**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone:  702.629.7900
Facsimile:   702.629.7925
E-mail:      jag@mgalaw.com
             dat@mgalaw.com
             jmq@mgalaw.com

PENGXIANG TIAN, ESQ.
Nevada Bar No. 15662
**PT LAW**
2820 South Jones Boulevard, Unit 1
Las Vegas, Nevada 89146
Telephone: 702.763.5557
Facsimile:  702.956.8023
E-mail:      calvin@ptlawlv.com

*Attorneys for Plaintiff Edgar Avitia De La Vega*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDGAR AVITIA DE LA VEGA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AYMAN ENTERPRISES, INC., a foreign corporation; CLARENCE EUGENE MITCHELL, II, an individual; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.:      2:23-cv-00865-RFB-VCF<br><br>**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>**[HEARING REQUESTED]** |

Plaintiff Edgar Avitia De La Vega ("Edgar") by and through his attorneys of record, the law firms MAIER GUTIERREZ & ASSOCIATES and PT LAW, hereby files this Motion for Attorney's Fees. This motion is made and based on the following memorandum of points and authorities, the declaration of Joseph A. Gutierrez, Esq., attached as **Exhibit 1**, the other exhibits attached hereto, and any oral argument entertained at the hearing on this motion.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This case arises from injuries Plaintiff sustained at the hands of Defendant Mitchell because of his failure to exercise due care when changing lanes.  The instant dispute arises from the Court's granting of Edgar's Renewed Motion for Sanctions Due to Defendant Mitchell's Failure to Participate in Discovery because Defendant Mitchell failed to verify his interrogatory answers and failed to produce himself for deposition in accordance with discovery rules and this Court's Order. (ECF No. 35).

Prior to this, the Court had denied Edgar's initial motion for sanctions to give Defendant Mitchell a chance to verify his interrogatory responses and appear for a deposition, but Defendant Mitchell squandered the opportunity and failed to appear.  Thus, the renewed motion for sanctions emerged, asking for similar relief.  The magistrate judge recommended that Edgar's motion be granted in part and denied in part, to the extent that Defendant Mitchell's answer, witness statements, and unverified discovery responses should be stricken, and that Defendant Mitchell should be precluded from being called at trial.

Given that the Court adopted the magistrate judge's report and recommendation, it granted Edgar leave to file the instant motion to consider ordering Defendant Mitchell to pay all of plaintiff's attorney's fees and costs for having to bring both the first and the renewed Motion for Sanctions and the fees and costs associated with written discovery and the depositions against Defendant Mitchell.

### II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

As explained thoroughly in Mr. Gutierrez's attached declaration, Plaintiff's attorneys have been forced to waste significant time and resources attempting to take Defendant Mitchell's deposition, as well as acquire verified interrogatory responses. *See generally* Decl. Joseph Gutierrez, **Ex. 1**. Between May 8, 2024, and September 13, 2024, counsel's staff expended time and resources attempting to set the first deposition for Defendant Mitchell's deposition, which included sending letters, emails, and calling defense counsel regarding his attempts to locate Defendant Mitchell and set the deposition. *Id.* ¶¶ 4–10.  During this time, defense counsel led the undersigned to believe he would find Mitchell, so Edgar noticed Mitchell's deposition for September 17, 2024. *See* Notice

2

Taking Videotaped Dep. Clarence Eugene Mitchell, II, attached as **Exhibit 2**; Decl. Gutierrez ¶ 8. Counsel hired the services of a court reporter for the deposition, but when the date arrived, Mitchell did not appear, prompting Edgar to file the first motion for sanctions. *See* Sep. 17, 2024, Cert. Non-Appearance Clarence Eugene Mitchell, II, attached as **Exhibit 3**; Decl. Gutierrez ¶ 13.  Not once did defense counsel openly admit that they had not had any form of contact with Defendant Mitchell since at least May of 2023. Decl. Gutierrez ¶ 21.  Despite being unable to locate Defendant Mitchell or contact him in any way, likely since 2021, defense counsel somehow still responded to interrogatories on November 8, 2023. *Id.* ¶ 22; Pl.'s Interrogs. to Mitchell, attached as **Exhibit 4**; Mitchell's Resps. Pl.'s Interrogs., attached as **Exhibit 5**.

On October 1, 2024, Edgar filed his original motion for sanctions due to Defendant Mitchell's failure to participate in discovery, which Defendants opposed, and Edgar filed a Reply. (ECF Nos. 27, 29, 30).  In that motion, Edgar sought to (1) strike Defendant Mitchell's Answer, (2) strike all witness statements by Defendant Mitchell, (3) strike Defendant Mitchell's unverified and forged discovery responses, (4) prohibit the defense from calling Defendant Mitchell as a witness at trial, (5) strike both defendants' liability defenses as they have no admissible evidence to defend against liability, and (6) order Defendants to pay (a) the reasonable attorney's fees and costs for having to bring the motion, as well as (b) the significant rebuttal expert costs that Edgar was forced to pay to defend against Defendant Mitchell's fraudulently authored interrogatory responses and Defendants' frivolous liability defense.

On December 11, 2024, the magistrate judge entered an order granting in part and denying in part Edgar's motion. (ECF No. 35).  Specifically, the magistrate judge ordered Defendant Mitchell to verify his interrogatory responses and appear for a deposition on or before January 15, 2025, and denied the remainder of Edgar's motion as premature and without prejudice, stating that Edgar could renew his motion, if necessary, after January 15, 2025. *Id.* at 3.

After the parties agreed to a January 31, 2025, date for Defendant Mitchell's second attempted deposition, once again, Defendant Mitchell failed to appear. Decl. Gutierrez ¶¶ 14–18; *see also* Jan. 31, 2025, Cert. of Non-Appearance Clarence Eugene Mitchell, II, attached as **Exhibit 6**.  Additionally, Defendant Mitchell's interrogatory responses remained unverified and no proof has been offered to

3

show that he was the person who actually authored the written discovery responses. Decl. Gutierrez ¶ 20.

As a result, Edgar filed a renewed motion for sanctions seeking the same relief as in his original motion. (ECF No. 38). Defendants opposed the renewed motion and Edgar filed a Reply. (ECF Nos. 40, 42). After reviewing the briefing and hearing oral argument, the magistrate judge recommended the Court to grant in part and deny in part Edgar's renewed motion for sanctions. (ECF No. 51). In particular, the magistrate judge recommended that Defendant Mitchell's answer, witness statements, and unverified discovery responses should be stricken, and that Defendant Mitchell should be precluded from being called at trial. *Id.* at 3.

Given that Defendants did not object, the Court adopted the report and recommendation, including granting Edgar leave to file the instant motion for attorney's fees. (ECF No. 52).

## III.    LEGAL STANDARD

Generally, "each party must bear its own attorneys' fees in the absence of a rule, statute[,] or contract authorizing such an award." *MRO Commc'ns, Inc. v. AT&T*, 197 F.3d 1276, 1281 (9th Cir. 1999); *Schouweiler v. Yancey Co.*, 101 Nev. 827, 712 P.2d 786, 788 (1985) ("It is well established in Nevada that attorney's fees are not recoverable unless allowed by express or implied agreement or when authorized by statute or rule.") (citing *Sun Realty v. District Court*, 91 Nev. 774, 542 P.2d 1072 (1975)).

"A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). In Nevada, "the method upon which a reasonable fee is determined is subject to the discretion of the court, which is tempered only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp.*, 121 Nev. 837, 124 P.3d 530, 548–49 (2005) (en banc) (internal quotation marks omitted). One permissible method is the lodestar approach, which involves "multiplying the number of hours reasonably spent on the case by a reasonable hourly rate." *Id.* at 549, n.98 (internal quotation marks omitted). Nevada courts must also review the requested amount "in light of the factors set forth in" the Supreme Court of Nevada's decision in *Brunzell. Haley v. Dist. Ct.*, 128 Nev. 171, 273 P.3d 855, 860 (2012) (citing *Brunzell v. Golden Gate*

4

*Nat'l Bank*, 85 Nev. 345, 455 P.2d 31, 33 (1969)).  The factors include: (1) the qualities of the advocate(s); (2) the character of the work to be done; (3) the work actually performed by the lawyer; and (4) the result. *Brunzell*, 455 P.2d at 34.

In addition, Local Rule 54-14 requires the moving party to include an attorney affidavit, "[a] reasonable itemization and description of the work performed," and a "brief summary" of 13 categories of information. L.R. 54-14(a)–(b).

## IV.    LEGAL ARGUMENT

### A. FRCP 37 ALLOWS EDGAR TO RECOVER HIS ATTORNEY'S FEES FOR DEFENDANT MITCHELL'S DISCOVERY ABUSES

"Where . . . the failure of a party or their attorney to attend a deposition is not substantially justified, the court is obliged to impose monetary sanctions to compensate both costs and attorney fees occasioned by the unjustified non-compliance." *DeShazier v. Williams*, No. CV F 06-0591 AWI SMS, 2009 WL 80430, at *1 (E.D. Cal. Jan. 13, 2009) (citing FED. R. CIV. P. 37(d)).

Given that the Court has granted Edgar's renewed motion for sanctions, it should, "after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FRCP 37(a)(5)(A).  Three exceptions apply: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

Here, upon hearing the motion and merits for awarding Edgar reasonable expenses for being forced to file the original and renewed motion for sanctions, as well as for preparing for oral argument, the Court should order Defendants to pay Edgar's reasonable expenses in making the motion.  None of the exceptions apply: the first is inapplicable because Edgar attempted in good faith to obtain Defendant Mitchell's deposition and verification on numerous occasions.  Edgar has been attempting to get verification for Defendant Mitchell's responses to his interrogatories and to get Defendant Mitchell to appear to a deposition for *many* months to no avail.

The second exception does not apply because no justifiable explanation exists for refusing to

produce the witness. *See* Renewed Mot. Sanctions at Section III(A), (ECF No. 38). The fault and bad faith that Defendants and their counsel exhibit by not producing Defendant Mitchell for his deposition, and not stipulating to liability to mitigate his absence, further supports this. Most significantly, defense counsel's fraudulently authored and unverified interrogatory responses cannot be reasonably justified. Even if there were no fraud in play, Defendant Mitchell's failure to appear cannot be justified. Defense counsel has stated his office has attempted to locate Mitchell for years to no avail. This leads Edgar to believe Mitchell has fled to avoid accountability and liability.

Finally, the third exception is inapplicable because of the aforementioned fraud perpetrated on this Court as well as the rest of the unethical behavior described therein. *See* Renewed Mot. Sanctions at Section III(A) (ECF No. 38). Again, even if there were no fraud, Edgar should not bear the consequences of Defendant Mitchell's absence. He and his counsel have wasted significant time, effort, and expense to get Mitchell to participate in this case because he is a crucial witness in the case and because the defense relies on his statements for their theory of liability. Mitchell's absence now forces Edgar to prosecute against a defense that bases their theories on a key witness that Edgar cannot cross-examine. Granting attorney's fees for this conduct is anything but unjust. Accordingly, the Court may entertain and grant Edgar's motion for attorney's fees under FRCP 37. *See Allen v. Walmart, Inc.*, No. 2:21-cv-01394-JAD-NJK, 2023 U.S. Dist. LEXIS 14170, at *2 (D. Nev. Jan. 26, 2023) (granting in part and denying in part a motion for attorney's part for discovery sanctions).

**B. THE *BRUNZELL* FACTORS FAVOR AWARDING EDGAR THE ATTORNEY'S FEES HE SEEKS**

The Nevada Supreme Court has held that courts should consider the following elements when determining attorney's fees: (1) the qualities of the advocate: their ability, training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived. *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349, 455 P.2d 31 (1969). The fact finder should consider each element such that "no one element

should predominate or be given undue weight." *Id.* at 349–50, 455 P.2d 33.

### 1. The Qualities of the Advocates

Edgar's lead counsel, Joseph A. Gutierrez, Esq., is a licensed attorney in Nevada with 21 years of experience in personal injury matters, making him a seasoned attorney in this field. Decl. Gutierrez ¶ 30. He has also owned and operated his firm for 14 years. *Id.* The Of Counsel attorney who has worked on this matter, Esteban Hernandez, Esq., is licensed in Nevada and soon to be in California after having satisfied all of the requirements for admission to practice law in that state. *Id.* ¶ 31. Mr. Hernandez has nearly five years of experience, including clerking for this very district and the Nevada Court of Appeals. *Id.*

### 2. The Character of the Work to be Done

The significance of the work done cannot be understated precisely because of how important the underlying dispute is. As stated above, despite there being little to no evidence to dispute liability, Defendants continue to do so. In an attempt to prove liability should not be disputed, Edgar's counsel spent myriad hours drafting the subject interrogatories, attempting to get defense counsel to provide Defendant Mitchell's verification of such responses, and going back and forth with defense counsel for months to set up Defendant Mitchell's depositions.

In addition, Edgar's counsel expended a great deal of time and effort drafting the original motion for sanctions, reviewing Defendant's response, and drafting a reply. To do so, counsel spent hours reviewing correspondence between the parties, written discovery, and notices of taking depositions to draft a coherent chronology of the events for the Court. Counsel also conducted ample research of relevant caselaw to support Edgar's position to strike Defendant Mitchell's answer, witness statements, discovery responses, and Defendants' ability to call him as a witness. Finally, after reviewing the supporting caselaw, counsel crafted detailed analysis to support striking Defendant Mitchell's answer and seeking the ability to file the instant motion.

Thereafter, when the magistrate judge provided Defendant Mitchell a final opportunity to verify his interrogatory responses and appear at a deposition, Edgar's counsel engaged with opposing counsel to complete these tasks to no avail, forcing Edgar to file a renewed motion for sanctions.

Given that the Court adopted the magistrate judge's recommendation to allow Edgar to move

for attorney's fees, Edgar's counsel has also had to spend significant time drafting the instant motion for attorney's fees, including researching relevant caselaw to support said motion, such as the varying circumstances that have led multiple courts in this district to either grant or deny such motions for attorney's fees under similar circumstances.

### 3. The Work Actually Performed by the Lawyer

As stated above, Edgar's counsel spent months attempting to set up Defendant Mitchell's depositions and expended resources hiring the services of a court reporter on two occasions just for Defendant Mitchell not to appear.  Counsel also expended substantial time and resources to draft the original motion for sanctions, review Defendant's response, and draft a reply, devoting a significant amount of time and attention to finding supporting caselaw.  After performing this time-consuming work, the magistrate judge gave Defendant Mitchell a final chance to verify his interrogatory responses and appear at a deposition.  Edgar's counsel then spent more time engaging with defense counsel to provide a verification and set another deposition date.  However, Defendant Mitchell failed to appear for his second deposition and verify his responses to Edgar's interrogatories, forcing Edgar to expend even more time and resources to draft his renewed motion for sanctions, review Defendant's response, and draft a reply.

Now, after the Court adopted the magistrate judge's recommendation to allow Edgar to move for attorney's fees, Edgar's counsel has spent significant time drafting the instant motion, including researching relevant caselaw to support said motion, including the *Brunzell* factors, LR 54-14, the "lodestar" method, the varying facts or law that support these legal factors, and the evidence and analysis this court favors or disfavors when ruling on similar motions for attorney's fees.

### 4. The Result

Unfortunately, through no fault of Edgar or his counsel, Defendant Mitchell has failed to verify his responses to Edgar's interrogatories and appear at either of his depositions.  As such, counsel has spent a tremendous amount of time, effort, and resources for what would seem like failed result. However, Edgar has been successful in providing evidence necessary for the Court to find in his favor and strike Mitchell's answer, witness statements, and interrogatories, as well as to preclude Defendants from calling him at trial precisely because Mitchell is completely unreliable.

Given the above, the Court has everything it needs to find that the *Brunzell* factors are satisfied and grant Edgar's motion for attorney's fees.

### C. THE FACTORS UNDER LOCAL RULE 54-14 ALSO FAVOR AWARDING EDGAR THE ATTORNEY'S FEES HE SEEKS

Under LR 54-14, the moving party must provide a brief summary of the following factors for the Court to consider awarding attorney's fees: (1) the results obtained and the amount involved; (2) the time and labor required; (3) the novelty and difficulty of the questions involved; (4) the skill requisite to perform the legal service properly; (5) the preclusion of other employment by the attorney due to acceptance of the case; (6) the customary fee; (7) whether the fee is fixed or contingent; (8) the time limitations imposed by the client or the circumstances; (9) the experience, reputation, and ability of the attorney(s); (10) the undesirability of the case, if any; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases; and (13) any other information the court may request.

Regarding the results obtained and amount involved, time and labor required, the customary fee, the experience, reputation, and ability of the attorneys, and awards in similar cases, Edgar has provided this analysis *supra* in Section IV(B) and *infra* in Section IV(D).

As it relates to the novelty and difficulty of the questions involved, the questions involved are simple but difficult to deal with given the time, effort, and resources that Defendant Mitchell has forced Edgar to waste. While it may not be novel for a party not to appear for a deposition nor verify their responses to interrogatories, the difficulty lies in showing the Court that allowing Defendants to continue using Mitchell's answer, discovery responses, and witness statements in his absence prejudices Edgar by being unable to cross-examine the witness. There is also difficulty in showing that without his presence, the opinions of Defendants' biomechanical expert are unreliable because they are based on Mitchell's statements, which are themselves unreliable. In addition, Edgar's motion practice related to this issue has been exceedingly thorough, presenting ample evidence and analysis to support his positions.

With respect to the skill required to perform the legal service properly, Edgar's counsel are seasoned personal injury attorneys with years of experience and knowledge in this field. For example,

Edgar's lead counsel, Joseph Gutierrez, Esq., has 21 years of experience working personal injury cases and has owned and operated his own personal injury firm for 14 years. Further, Mr. Hernandez has nearly five years of experience, including clerking for this very district and the Nevada Court of Appeals. The skill and experience of both attorneys were necessary to address Edgar's personal injury case and the attendant motions in it because each requires knowledge of the procedural hurdles to overcome a non-cooperative party, skill and tactical awareness of dealing with an opposing party that will not or cannot produce their witness, and skill in drafting and arguing the relevant motions.

Regarding the preclusion of other employment, this matter did not preclude Edgar's counsel entirely from working on other matters. However, Defendant Mitchell's refusal to appear at two depositions and his failure to verify his interrogatories, coupled with corresponding with opposing counsel regarding the same, required counsel to expend time and resources they otherwise would not have had to expend.

As to whether the fee is fixed or contingent, the fee in this case is contingent but this should have no bearing on the Court's analysis. *See Davis v. City & County of San Francisco*, 976 F.2d 1536, 1549 (9th Cir. 1992) *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993) (explaining that the Supreme Court's case in *City of Burlington v. Dague*, 505 U.S. 557, (1992), "represents an outright rejection of contingency as a factor relevant to the establishment of a reasonable fee").

With regard to the time limitations imposed by the client or the circumstances, there were no unusual time limitations or extenuating circumstances the client imposed that affected the timeliness of Edgar's motion for sanctions. As such, this factor weighs less in the Court's analysis. As it relates to the undesirability of the case, this case was not undesirable, so this factor should not affect the Court's analysis. Regarding the nature and length of the professional relationship that counsel has with its client, this is the first case in which counsel has represented Edgar. Again, this factor should not affect the Court's analysis.

### D. THE REASONABLENESS OF THE FEES AND HOURLY RATE OF EDGAR'S COUNSEL

"An attorney's fees award should include compensation for all hours reasonably expended prosecuting the matter, but 'hours that are excessive, redundant, or otherwise unnecessary' should be excluded." *Red Rock Fin. Servs. v. Russo*, No. 2:23-cv-01313-RFB-DJA, 2025 U.S. Dist. LEXIS

60932, at *17 (D. Nev. Mar. 31, 2025) (citing *Costa v. Comm'r of SSA*, 690 F.3d 1132, 1135 (9th Cir. 2012)).

Here, Edgar's counsel spent 38.4 hours working on the instant matter, which spans back to September of 2024 when defense counsel served Defendant Mitchell's unverified responses to Edgar's interrogatories. Decl. Gutierrez ¶ 24. For nearly one year, Edgar's counsel emailed and called defense counsel consistently while attempting to accomplish crucial discovery. *Id.* ¶¶ 4–20. This includes setting the first deposition for Defendant Mitchell's deposition, noticing the deposition, hiring a court reporter, attending the deposition for which Mitchell failed to appear, and drafting the first motion for sanctions due to Mitchell's discovery abuses.

After the Court gave Mitchell a final opportunity to rectify his discovery failures, counsel spent more time and resources engaging with defense counsel to set a date for the second deposition and to obtain verification of Mitchell's responses to Edgar's interrogatories. Decl. Gutierrez ¶¶ 14–17. After a month of silence from defense counsel, Edgar noticed Mitchell's deposition for January 31, 2025. *Id.* ¶¶ 15–16. The date came and Mitchell again refused to appear. *Id.* ¶ 18; Jan. 31, 2025, Cert. Non-Appearance Clarence Eugene Mitchell, II, **Ex. 6**.

While all of this was happening, Edgar's counsel was also attempting to obtain Mitchell's verification, sending opposing counsel correspondence, to no avail. *Id.* ¶¶ 19–22. As described in more detail above, Edgar's counsel spent hours communicating with opposing counsel to obtain Mitchell's verified interrogatory answers and to set his depositions, as well as drafting the briefing for the original and renewed motions for sanctions, which included combing through dozens of pieces of correspondence, researching relevant caselaw to support Edgar's position, and preparing for oral argument to argue the motion. *Id.* ¶ 24. As such, Edgar's counsel has spent a reasonable amount of time and should be entitled to compensation. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[L]awyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "[t]he payoff is too uncertain."); *id.* ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the [motion]; after all, he won, and might not have, had he been more of a slacker.").

///

11

### E. AMOUNT OF FEES

The Court must calculate an award of attorney's fees using the "lodestar" method under *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1028 (9th Cir. 2000). To calculate the "lodestar," the Court must multiply "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* However, the Court "should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, at 461 U.S. at 434.

A reasonable hourly rate is the rate prevailing in the community for similar work. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013). The relevant community is the community in which the court sits. *Schwarz v. Sec. of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). Although the resulting "lodestar" figure is presumptively reasonable, the court can further adjust that amount by considering the factors laid out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992). *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). A district court's failure to consider the *Kerr* factors, which have been fully incorporated into Local Rule 54-14, constitutes an abuse of discretion. *See* 526 F.2d at 70; *see also* LR 54-14.

To that end, courts in this district have found hourly rates of between $500 and $600 reasonable relative to the experience of counsel here, including personal injury. *See Humphries v. Button*, No. 2:21-cv-01412-ART-EJY, 2025 U.S. Dist. LEXIS 50920, at *5 (D. Nev. Mar. 20, 2025) (finding rates of $750 and $600 reasonable for the Las Vegas legal community for attorneys with 25 years of experience or "substantial expertise and involvement in this case"); *Lee v. Vons Co., Inc.*, No. 2:24-cv-00179-CDS-NJK, 2024 U.S. Dist. LEXIS 228363, at *5 (D. Nev. Dec. 17, 2024) (finding a rate of $500 per hour appropriate for attorneys with 18 to 30 years of experience in a personal injury case); *Sa. v. Mengle*, No. 2:20-cv-1568-KJD-VCF, 2025 U.S. Dist. LEXIS 3370, at *5 (D. Nev. Jan. 8, 2025) (finding a rate of $525 per hour reasonable); *Kurian v. Snaps Holding Co.*, No. 2:19-cv-01757-GMN-EJY, 2023 U.S. Dist. LEXIS 190322, at *5 (D. Nev. Oct. 24, 2023) (finding a rate of $525 per hour reasonable for an attorney with over 35 years of experience); *Newmark Group, Inc. v. Avison Young*, No. 2:15-cv-00531-RFBEJY, 2022 U.S. Dist. LEXIS 63617, 2022 WL 990640, at *1

(D. Nev. Apr. 1, 2022) (approving a rate of $500 per hour for attorneys with 13 and 18 years of experience); *Leftenant v. Blackmon*, No. 2:18-cv-01948-EJY, 2022 U.S. Dist. LEXIS 35539, 2022 WL 605344, at *1 (D. Nev. Feb. 28, 2022) (finding a rate of $500 per hour reasonable for an attorney with over 30 years of experience and a founding member of his law firm); *Humphries*, 2025 U.S. Dist. LEXIS 50920, at *5 (approving a rate of $450 for an associate attorney with five years of experience); *Baluma S.A. v. Chow*, No. 2:20-cv-1752-KJD-EJY, 2023 U.S. Dist. LEXIS 46178, 2023 WL 2844215, at * 2 (D. Nev. Mar. 20, 2023) (approving a rate of $345 for an associate attorney with five years of experience).

In addition, the Court may increase rates that have been previously found reasonable due to the passage of time. *See Humphries*, 2025 U.S. Dist. LEXIS 50920, at *5.

For the work conducted on this matter, MAIER GUTIERREZ & ASSOCIATES charges $595 per hour for a founding partner and $425 per hour for Of Counsel. Decl. Gutierrez ¶¶ 30–31. Edgar's lead counsel, Joseph A. Gutierrez, Esq., is a licensed attorney in Nevada with 21 years of experience in personal injury matters. *Id.* ¶ 30. He is a founding partner of MAIER GUTIERREZ & ASSOCIATES and has owned and operated his firm, specializing in personal injury, for 14 years. *Id.* The Of Counsel attorney who has worked on this matter, Esteban Hernandez, Esq., is licensed in Nevada and soon to be in California after having satisfied all of the requirements for admission to practice law in that state. *Id.* ¶ 31. Mr. Hernandez has nearly five years of experience, including clerking for this very district and the Nevada Court of Appeals. *Id.*

Pursuant to LR 54-14, Plaintiff's counsel has personally reviewed the time entries associated with this case and the following is a true and accurate reflection of Plaintiff's attorney's fees and costs associated with the aforementioned pleadings and discovery. *Id.* ¶ 23.

Plaintiff's counsel spent a total of **38.40** hours in (1) drafting Plaintiff's motion for sanctions, (2) communicating with opposing counsel to attain Defendant Mitchell's verification of his interrogatory responses and to set and attend his first and second depositions that resulted in notices of non-appearances, (3) drafting the reply brief in support of Plaintiff's motion for sanctions, (4) drafting Plaintiff's renewed motion for sanctions, (5) drafting the reply brief in support of Plaintiff's renewed motion for sanctions, and (6) preparing for and attending the hearing on Plaintiff's renewed

motion for sanctions. *Id.* ¶ 24. Specifically, this time is broken down as follows:

a.  Drafting/filing Plaintiff's motions to compel:                                    5.0 hours.

b.  Preparing/attending depositions of Defendant Mitchell:                 5.3 hours.

c.  Drafting/filing Plaintiff's motion to for sanctions:                          4.7 hours.

d.  Drafting/filing Plaintiff's reply brief:                                              8.2 hours.

e.  Drafting/filing Plaintiff's renewed motion to for sanctions:          1.8 hours.

f.  Drafting/filing Plaintiff's renewed reply brief:                              2.5 hours.

g.  Preparing/attending hearing on motion for sanctions:                   10.9 hours.

This total is broken down as 22.8 partner attorney hours and 15.6 Of Counsel attorney hours.

Attached hereto as **Exhibit 7** is a true and correct timesheet for the legal work performed on this matter as a result of Plaintiff filing a motion to compel the deposition of Mitchell, as well as the original and renewed motion for sanctions, which includes a redacted breakdown of the detailed time entries. This total does <u>not</u> include attorney and staff time spent in drafting the instant declaration of counsel nor drafting Plaintiff's motion for attorney's fees. *See generally id.*; Decl. Gutierrez ¶ 28. Pursuant to FRCP 54(d)(2)(B), the attorney's fees for the legal work described herein are reasonable and were actually and necessarily incurred in the prosecution of this matter. Decl. Gutierrez ¶ 29.

Given that courts in this district have approved of rates within the range asked for in this case, and considering the experience and skill of the attorneys, as well as the work done in this case, the rates sought for today are reasonable and justified.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## V.  CONCLUSION

Based on the foregoing, Plaintiff Edgar Avitia de la Vega requests that the Court grant his Motion for Attorney's Fees in the amount of $20,196.00.

DATED this 30th day of July, 2025.

Respectfully submitted,

MAIER GUTIERREZ & ASSOCIATES

/s/ Joseph A. Gutierrez

_____

JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
DANIELLE A. TARMU, ESQ.
Nevada Bar No. 11727
JOHN M. QUINN, ESQ.
Nevada Bar No. 16609
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148

PENGXIANG TIAN, ESQ.
Nevada Bar No. 15662
PT LAW
2820 South Jones Boulevard, Unit 1
Las Vegas, Nevada 89146
Attorneys for Plaintiff

**Exhibit List**

| Exhibit No. | Description | Page Nos. |
|:---:|:---|:---:|
| 1. | Declaration of Joseph A. Gutierrez, Esq. | 6 |
| 2. | Notice Taking Videotaped Deposition of Clarence Eugene Mitchell, II | 3 |
| 3. | September 17, 2024, Cert. Non-Appearance Clarence Eugene Mitchell, II | 6 |
| 4. | Plaintiff's Interrogatories to Mitchell | 7 |
| 5. | Mitchell's Responses to Plaintiff's Interrogatories | 12 |
| 6. | January 31, 2025, Cert. of Non-Appearance Clarence Eugene Mitchell, II | 4 |
| 7. | Timesheet for the Legal Work Performed on this Matter | 3 |
| 8. | May 8–14, 2024, Emails with Opposing Counsel | 6 |
| 9. | May 15, 2024, Email Regarding Private Investigator | 3 |
| 10. | August 9, 2024, Emails with Opposing Counsel | 2 |
| 11. | Amended Notice Taking Videotaped Deposition of Clarence Eugene Mitchell, II | 3 |
| 12. | September 13, 2024, Emails with Opposing Counsel | 3 |
| 13. | Second Amended Notice Taking Videotaped Deposition of Clarence Eugene Mitchell, II | 3 |
| 14. | December 12, 2024, Deposition Letter | 1 |
| 15. | Email Correspondence for Second Deposition | 4 |
| 16. | Third Amended Notice Taking Videotaped Deposition of Clarence Eugene Mitchell, II | 3 |
| 17. | Email Correspondence Regarding Non-Appearance | 3 |
| 18. | September 23, 2024, Follow-up Email Regarding Mitchell's Verification | 1 |

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing **PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** was made on this 30th day of July, 2025, via the Court's CM/ECF system to all parties and counsel as identified on the Court-generated Notice of Electronic Filing.

William H. Pruitt, Esq.
bpruitt@lvnvlaw.com
Joseph Meservy, Esq.
jmeservy@lvnvlaw.com
BARRON & PRUITT, LLP ATTORNEYS AT LAW
3890 West Ann Road
North Las Vegas, Nevada 89031
*Attorneys for Defendants*

        */s/ Yadira Gonzalez*
        An employee of MAIER GUTIERREZ & ASSOCIATES

17