# EXHIBIT 1

**DECLARATION OF JOSEPH A. GUTIERREZ, ESQ. IN SUPPORT OF**

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

I, Joseph A. Gutierrez, declare that I represent Plaintiff Edgar Avitia De La Vega and, based on my personal knowledge, can and would testify to the truth of the following facts:

1. I am a founding partner with the law firm of MAIER GUTIERREZ & ASSOCIATES, attorneys for Plaintiff Edgar Avitia De La Vega.

2. I am over the age of 18 and I have personal knowledge of all matters set forth herein. If called to do so, I would competently and truthfully testify to all matters set forth herein, except for those matters stated to be based upon information and belief, and as to those matters, I am informed and believe them to be true.

3. I make this declaration in support of Plaintiff's Motion for Attorney's Fees related to Plaintiff's Renewed Motion for Sanctions Due to Defendant Mitchell's Failure to Participate in Discovery.

4. For context, my office has been attempting to depose Defendant Mitchell for almost a year, but opposing counsel was unable to locate him.

5. On May 8, 2024, my staff contacted opposing counsel's staff to provide dates of availability for Defendant Mitchell's deposition and followed up on May 13, 2024. *See* May 8–14, 2024, Emails with Opposing Counsel, attached as **Exhibit 8**.

6. On May 14, 2024, defense counsel's staff informed us that after conducting an extensive search, including hiring a private investigator and contacting Defendant Mitchell's relatives, they had been unable to locate Defendant Mitchell. *Id*.; *see also* May 15, 2024, Email Regarding Private Investigator, attached as **Exhibit 9**.

7. On August 9, 2024, my office again reached out to defense counsel to see if they had located Defendant Mitchell yet, but they confirmed they had not. *See* Aug. 9, 2024, Emails with Opposing Counsel, at 2, attached as **Exhibit 10**.

8. On August 16, 2024, I spoke to defense counsel about the deposition of Defendant Mitchell and topics for the deposition of Defendant Ayman Enterprises. During the call, I asked if Defendants would stipulate to liability since they could not find Defendant Mitchell. Defense counsel

1

refused and led me to believe that they were still hopeful about finding Mitchell, so on August 27, 2024, I noticed Mitchell's deposition to take place on September 17, 2024. *See* Notice Taking Videotaped Dep. Clarence Eugene Mitchell, II, **Ex. 2** to Pl.'s Mot. Attorney's Fees.

9.    On September 6, 2024, my office served an amended notice of Defendant Mitchell's deposition, changing only the time of his deposition. *See* Am. Notice Taking Videotaped Dep. Clarence Eugene Mitchell, II, attached as **Exhibit 11**.

10.    On September 13, 2024, I emailed opposing counsel, Joseph Meservy, Esq., to confirm whether Defendant Mitchell would appear for the deposition. *See* Sep. 13, 2024, Emails with Opposing Counsel, attached as **Exhibit 12**. Mr. Meservy responded that they "have not yet confirmed that he will appear," again leading me to believe that they may have located Mitchell. *Id*.

11.    At 3:00 p.m. on September 16, 2024, the day before Defendant Mitchell's deposition, Mr. Meservy's paralegal emailed me and stated that Defendant Mitchell would not be appearing for the deposition and requested that the deposition be changed to Zoom for the non-appearance. *Id*. Mr. Meservy emailed me shortly thereafter stating that they "still have no indication that Defendant Mitchell will be at the deposition tomorrow" because they had been unable to reach him. *See* Ex. 3 at 1 (Sep. 16, 2024, Email).

12.    My office served a second amended notice of Defendant Mitchell's deposition to change only the method of the deposition to Zoom to take the non-appearance on September 17, 2024. *See* Second Am. Notice Taking Videotaped Dep. Clarence Eugene Mitchell, II, Sep. 16, 2024, attached as **Exhibit 13**.

13.    The next day, September 17, 2024, Defendant Mitchell failed to appear at his deposition and I made a record of his non-appearance. *See* Sep. 17, 2024, Cert. Non-Appearance Clarence Eugene Mitchell, II, **Ex. 3** to Pl.'s Mot. Attorney's Fees.

14.    On December 12, 2024, the day after the Court ordered Defendant Mitchell to appear for his deposition, I sent defense counsel a letter seeking availability to schedule the second attempted deposition of Defendant Mitchell. *See* Dec. 12, 2024, Dep. Letter, attached as **Exhibit 14**.

/ / /

/ / /

2

15.    The same day, defense counsel confirmed receipt of the December 12, 2024, letter. However, nearly a month went by without any response. *See* Email Correspondence for Second Dep., attached as **Exhibit 15**.

16.    On January 10, 2025, my office served a third amended notice of Defendant Mitchell's deposition. *See* Third Am. Notice Taking Videotaped Dep. Clarence Eugene Mitchell, II, attached as **Exhibit 16**.

17.    The day before Defendant Mitchell's scheduled deposition, defense counsel sent email correspondence stating that despite numerous attempts, they have been unable to locate Defendant Mitchell. *See* Email Correspondence Regarding Non-Appearance, attached as **Exhibit 17**.

18.    On January 31, 2025, Defendant Mitchell failed to appear at his second scheduled deposition, and I made a record of his non-appearance. *See* Jan. 31, 2025, Cert. Non-Appearance Clarence Eugene Mitchell, II, **Ex. 6** to Pl.'s Mot. Attorney's Fees.

19.    Regarding Defendant Mitchell's interrogatory responses, Plaintiff propounded interrogatories to Mitchell on August 28, 2023, and defense counsel served Mitchell's responses on November 8, 2023, without a verification page. *See* Pl.'s Interrogs. to Mitchell, **Ex. 4** to Pl.'s Mot. Attorney's Fees; Mitchell's Resps. Pl.'s Interrogs., **Ex. 5** to Pl.'s Mot. Attorney's Fees.

20.    On August 26, 2024, my office sent a letter to defense counsel requesting the verification page, and on September 23, 2024, that same attorney sent an email following up on the request. *See* Sep. 23, 2024, Follow-up Email Regarding Mitchell's Verification, attached as **Exhibit 18**. At the time, defense counsel never informed us that they had not been able to locate Defendant Mitchell. To date, Defendant Mitchell's interrogatory responses remain unverified.

21.    Defense counsel knew or should have known in 2021 that Defendant Mitchell was not going to participate in this litigation. They certainly knew by May of 2023 that he was missing and unable to be located. Defense counsel should have informed Plaintiff's counsel of such crucial information.

22.    Despite not being able to locate Mr. Mitchell, defense counsel answered written discovery on Defendant Mitchell's behalf, including a detailed narrative response of how the crash happened. This unverified interrogatory response not only includes a falsified narrative of the events,

3

but it also includes unfounded allegations of racial collusion against Plaintiff and a random officer of the Las Vegas Metropolitan Police Department. Mitchell's Resps. Pl.'s Interrog. No. 16.

23.    Pursuant to LR 54-14, I have personally reviewed the time entries associated with this case and the following is a true and accurate reflection of Plaintiff's attorney's fees and costs associated with the aforementioned pleadings and discovery.

24.    My law firm spent a total of **38.40** hours in (1) drafting Plaintiff's motion for sanctions, (2) communicating with opposing counsel to attain Defendant Mitchell's verification of his interrogatory responses and to set and attend his first and second depositions that resulted in notices of non-appearances, (3) drafting the reply brief in support of Plaintiff's motion for sanctions, (4) drafting Plaintiff's renewed motion for sanctions, (5) drafting the reply brief in support of Plaintiff's renewed motion for sanctions, and (6) preparing for and attending the hearing on Plaintiff's renewed motion for sanctions.

25.    Specifically, this time is broken down as follows:

a.    Drafting/filing Plaintiff's motions to compel:                     5.0 hours.

b.    Preparing/attending depositions of Defendant Mitchell:      5.3 hours.

c.    Drafting/filing Plaintiff's motion to for sanctions:             4.7 hours.

d.    Drafting/filing Plaintiff's reply brief:                               8.2 hours.

e.    Drafting/filing Plaintiff's renewed motion to for sanctions:  1.8 hours.

f.    Drafting/filing Plaintiff's renewed reply brief:                  2.5 hours.

g.    Preparing/attending hearing on motion for sanctions:        10.9 hours.

26.    This total is broken down as 22.8 partner attorney hours and 15.6 Of Counsel attorney hours.

27.    Attached as **Exhibit 7** to Plaintiff's Motion for Attorney's Fees is a true and correct timesheet for the legal work performed on this matter as a result of Plaintiff filing a motion to compel the deposition of Mitchell, as well as the original and renewed motion for sanctions, which includes a redacted breakdown of the detailed time entries.

28.    This total does <u>not</u> include attorney and staff time spent in drafting the instant declaration of counsel nor drafting Plaintiff's motion for attorney's fees.

4

29.    Pursuant to FRCP 54(d)(2)(B), the attorney's fees for the legal work described herein are reasonable and were actually and necessarily incurred in the prosecution of this matter.

30.    I am the primary attorney working on this matter and my standard hourly rate is $595 per hour.  I am a licensed attorney in Nevada with 21 years of experience in personal injury matters. I am also a founding partner of MAIER GUTIERREZ & ASSOCIATES and have owned and operated my firm, specializing in personal injury, for 14 years.

31.    The hourly rate for my law firm's Of Counsel attorneys is $425 per hour.  The Of Counsel attorney who has worked on this matter, Esteban Hernandez, Esq., is licensed in Nevada and soon to be in California after having satisfied all of the requirements for admission to practice law in that state.  Mr. Hernandez has nearly five years of experience, including clerking for this very district and the Nevada Court of Appeals.

32.    The hourly rates charged by MAIER GUTIERREZ & ASSOCIATES on this matter are similar to those typically found in Las Vegas for law firms handling these types of matters.

33.    To that end, hourly rates of between $500 and $600 have been affirmed by the Court in cases with attorneys with similar experience in their respective legal fields, including personal injury. *See Humphries v. Button*, No. 2:21-cv-01412-ART-EJY, 2025 U.S. Dist. LEXIS 50920, at *5 (D. Nev. Mar. 20, 2025) (finding rates of $750 and $600 reasonable for the Las Vegas legal community for attorneys with 25 years of experience or "substantial expertise and involvement in this case"); *Lee v. Vons Co., Inc.*, No. 2:24-cv-00179-CDS-NJK, 2024 U.S. Dist. LEXIS 228363, at *5 (D. Nev. Dec. 17, 2024) (finding a rate of $500 per hour appropriate for attorneys with 18 to 30 years of experience in a personal injury case); *Sa. v. Mengle*, No. 2:20-cv-1568-KJD-VCF, 2025 U.S. Dist. LEXIS 3370, at *5 (D. Nev. Jan. 8, 2025) (finding a rate of $525 per hour reasonable); *Kurian v. Snaps Holding Co.*, No. 2:19-cv-01757-GMN-EJY, 2023 U.S. Dist. LEXIS 190322, at *5 (D. Nev. Oct. 24, 2023) (finding a rate of $525 per hour reasonable for an attorney with over 35 years of experience); *Newmark Group, Inc. v. Avison Young*, No. 2:15-cv-00531-RFBEJY, 2022 U.S. Dist. LEXIS 63617, 2022 WL 990640, at *1 (D. Nev. Apr. 1, 2022) (approving a rate of $500 per hour for attorneys with 13 and 18 years of experience); *Leftenant v. Blackmon*, No. 2:18-cv-01948-EJY, 2022 U.S. Dist. LEXIS 35539, 2022 WL 605344, at *1 (D. Nev. Feb. 28, 2022) (finding a rate of $500 for

an attorney with over 30 years of experience and a founding member of his law firm); *Humphries*, 2025 U.S. Dist. LEXIS 50920, at *5 (approving a rate of $450 for an associate attorney with five years of experience); *Baluma S.A. v. Chow*, No. 2:20-cv-1752-KJD-EJY, 2023 U.S. Dist. LEXIS 46178, 2023 WL 2844215, at * 2 (D. Nev. Mar. 20, 2023) (approving a rate of $345 for an associate attorney with five years of experience).

34.    In addition, the Court may increase rates that have been previously found reasonable due to the passage of time. *See Humphries*, 2025 U.S. Dist. LEXIS 50920, at *5.

35.    Based upon the reasonable hourly rates mentioned above and the reasonable time spent working on filing Plaintiff's first and renewed Motions for Sanctions, as well as the fees and costs associated with written discovery and the depositions against Mitchell, **$20,196**.00 represents the minimum fair market value for my law firm's services, which were reasonably and necessarily incurred in this case.

36.    Plaintiff would not have incurred such a substantial economic burden and increase of fees in this litigation had Defendant followed the rules and responded to discovery in a timely manner.

Pursuant to NRS 53.045, I declare under penalty of perjury that the foregoing is true and correct. I declare this to the best of my knowledge, information, and belief. I reserve the right to amend, modify, and add to my opinions upon further review of any additional documents and/or information.

DATED this 30th day of July, 2025.

_/s/ Joseph A. Gutierrez_____

JOSEPH A. GUTIERREZ, ESQ.