# EXHIBIT 5

**WILLIAM H. PRUITT, ESQ.**
Nevada Bar No. 6783
**JOSEPH MESERVY, ESQ.**
Nevada Bar No. 14088
**BARRON & PRUITT, LLP**
3890 West Ann Road
North Las Vegas, Nevada 89031
Telephone: (702) 870-3940
Facsimile: (702) 870-3950
Email: bpruitt@lvnvlaw.com
Email: jmeservy@lvnvlaw.com
*Attorneys for Defendants*
*Ayman Enterprises, INC. and*
*Clarence Eugene Mitchell*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EDGAR AVITIA DE LA VEGA, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> AYMAN ENTERPRISES, INC., a foreign corporation; CLARENCE EUGENE MITCHELL, II, an individual; DOES I through X; and ROE CORPORATIONS I through X, inclusive, <br><br> Defendants. | Case No.:　　2:23-cv-00865-RFB-VCF <br><br> **DEFENDANT CLARENCE EUGENE MITCHELL'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

Defendant CLARENCE EUGENE MITCHELL, II, by and through his attorneys, of the law firm of BARRON & PRUITT, LLP, hereby answers Plaintiffs' First Set of Interrogatories.

**REQUEST NO. 1:**

Provide your full name, address, social security number, date of birth, and other names or aliases you have ever used or been known by.

**ANSWER TO INTERROGATORY NO. 1:**

Responding Party objects on the grounds that Request No. 1 in compound. Responding Party further objects to giving the full social security number as it is not necessary, relevant, or proportional to the needs of this matter. Subject to the aforementioned objections, Responding Party responds as

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

follows:

Clarence Eugine Mitchell, II

Address: 2845 Executive Drive, Memphis, TN 38115

Date of Birth: April 15, 1995

**REQUEST NO. 2:**

Provide all of your residential addresses for the past five (5) years.

**ANSWER TO INTERROGATORY NO. 2:**

Responding Party objects to Request No. 2 on the grounds that it seeks irrelevant information. Subject to the aforementioned objection, Responding Party responds as follows:

2845 Executive Drive, Memphis, TN 38115

**REQUEST NO. 3:**

Provide your employment history for the past five (5) years, including location, dates of employment, job title, job description, and supervisor's name.

**ANSWER TO INTERROGATORY NO. 3:**

Responding Party objects to Request No. 3 on grounds that it seeks irrelevant information and compound. Subject to the aforementioned objection, Responding Party responds as follows: Responding Party worked for Ayman Enterprises, Inc. in December of 2021 for approximately three weeks.

**REQUEST NO. 4:**

Describe your duties and hours worked for the time period of December 1, 2021 to January 31, 2022.

**ANSWER TO INTERROGATORY NO. 4:**

Responding Party objects to this Request No. 4 on grounds that it is overbroad, unduly burdensome given its large scope, vague, and not proportional to the needs of this matter. Subject to aforementioned objections, Responding Party responds as follows: Responding Party was responsible for operating the 2014 Freightliner Tractor. Responding Party was responsible for keeping load safes, unloading and loading as necessary, keeping the truck clean, and reporting any issues, if any.

///

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

652.83

**REQUEST NO. 5:**

Describe all vehicular collisions you have been involved in for the past 5 years, including the location of the accident, the circumstances of the accident, whether any injuries resulted, a description of any liability, settlements, or insurance agreements involved, and whether such accident occurred during the course of your employment.

**ANSWER TO INTERROGATORY NO. 5:**

Responding Party objects to Request No. 5 on grounds that it is compound, overbroad, and unduly burdensome. Responding Party further objects to Request No. 5 to the extent it seeks any information that is subject to a confidentiality agreement. Responding also objects to Request No. 5 on grounds that it seeks to discover irrelevant and disproportionate information such as inadmissible information regarding compromise negotiations and compromises unrelated to the subject accident. Subject to the aforementioned objections, Responding Party responds as follows: Responding Party has not been involved any other vehicle accidents while working for Ayman Enterprises, Inc. that were similar in nature to the subject incident.

**REQUEST NO. 6:**

Detail all jurisdictions that you are or have ever been licensed to drive in, and all jurisdictions you have been licensed to operate tractor-trailers in. Provide the driver's license number, date of licensure, and describe the current status of each such license, and whether any negative action (including revocation, suspension, withdrawal, or any other restriction) has ever been taken on any such license.

**ANSWER TO INTERROGATORY NO. 6:**

Responding Party objects to Request No. 6 on grounds that it is compound, overbroad in scope (both time and geography), and unduly burdensome. Responding Party further objects to Request No. 6 on grounds that it is not proportional to the needs of this matter and seeks to discover irrelevant information. Subject to the aforementioned objections, Responding Party responds as follows:

At the time of the subject incident, Responding Party was licensed in Tennessee. Driver license number is 122407110 and is a class D license.

///

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

652.83

3

**REQUEST NO. 7:**

Describe all disciplinary proceedings, including verbal warnings that have be brought against you in any employment situation you have been involved in. Include the nature of the discipline, the circumstances surrounding it, and the final outcome.

**ANSWER TO INTERROGATORY NO. 7:**

Responding Party objects to Request No. 7 on the grounds that it is compound, overbroad in scope (time), and unduly burdensome. Responding Party also objects to Request No. 7 on the grounds that it is not proportional to the needs of this matter and seeks to discover irrelevant information, including information about prior employment unrelated to either the events of the underlying accident or even any driving duties. Subject to the aforementioned objections, Responding Party responds as follows: Responding Party did not receive any discipline from Ayman Enterprises, Inc. Responding Party ended his employment relationship with Ayman Enterprises, Inc. shortly after the subject incident.

**REQUEST NO. 8:**

Describe all training, education, and continuing education you have participated in in furtherance of your employment at Ayman Enterprises, Inc. or at any similar employment setting.

**ANSWER TO INTERROGATORY NO. 8:**

Responding Party objects to Request No. 8 on the grounds that it is compound, overbroad, and unduly burdensome. Responding Party further objects to Request No. 8 on the grounds that it is not proportional to the needs of this matter. Responding also objects to Request No. 8 to the extent that it seeks to discover information that is subject to privilege, including but not limited to trade secret. Subject to the aforementioned objections, Responding Party responds as follows: Responding Party was an experienced driver and his driving ability was confirmed by Ayman Enterprises, Inc. at hire. He was further required to follow applicable rules of the road.

///

///

///

///

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

**REQUEST NO. 9:**

Describe any and all equipment or tools carried on board the tractor-trailer you were driving on December 9, 2021, including all communications equipment, satellite tracking equipment, safety equipment, proximity alert systems, "black boxes" and guardians, as well as whether each of the listed equipment was operative and used immediately prior to the collision on December 9, 2021.

**ANSWER TO INTERROGATORY NO. 9:**

Responding Party objects to Request No. 9 on grounds that it seeks irrelevant information. Responding Party also objects to this Request No. 9 on grounds that it is not proportional to the needs of this matter. Subject to the aforementioned objections, Responding Party responds as follows: Responding Party used his phone for GPS and communications purposes. There was no GPS or tracking devise present on the truck. Nor was there a CB radio. Responding Party carried with him reflectors, a fire extinguisher, and loading supplies such as a jack and straps.

**REQUEST NO. 10:**

If you consumed any alcoholic beverage, drugs (prescriptive or otherwise), and/or medication within the 24 hour period immediately before the collision, or if you were required to take any medication within the twelve hour period immediately before the collision, state the nature thereof, the purpose therefore, the name and address of the doctor who prescribed the medication, if any, the dosage prescribed, the amount taken or that was to be taken within such period. As to alcohol, the amount consumed, when and where consumed, and identify all person present during said consumption.

**ANSWER TO INTERROGATORY NO. 10:**

Alcohol and drugs did not contribute to the subject incident.

**REQUEST NO. 11:**

If you were charged with any offenses arising out of the occurrence, state the nature of the charges, the court and case number, and the disposition of the charges.

**ANSWER TO INTERROGATORY NO. 11:**

Responding Party objects to Request No. 11 on grounds that it is unduly burdensome since it seeks information that is a matter of public record and already equally available to Plaintiff. Subject

652.83

to aforementioned objections, Responding Party responds as follows: Responding Party was charged with violation of NRS 484B.223.1(B).

**REQUEST NO. 12:**

State whether at any time during the five period preceding the date of you answers to these interrogatories, you have been convicted of any crime including traffic offenses. If so, for each conviction identify the court in which you were convicted and state the amount of any fine and the date and length of any incarceration imposed. For purposes of this interrogatory, a conviction includes a plea of *nolo contendere* followed by a sentence, whether or not the sentence is suspended.

**ANSWER TO INTERROGATORY NO. 12:**

Responding Party objects to this Interrogatory on the grounds that it is compound, overbroad in scope, and unduly burdensome since it seeks information that is a matter of public record. Subject to the aforementioned objections, Responding Party responds as follows: Case LVM0782583, Responding Party plead guilty to failure to maintain travel lane or improper lane change. Responding Party received a $200.00 fine.

**REQUEST NO. 13:**

Identify each person having personal knowledge of the facts material to this case including their relationship to you, if any.

**ANSWER TO INTERROGATORY NO. 13:**

Please refer to Defendants' initial disclosures and any and all supplements thereto.

**REQUEST NO. 14:**

Identify any eyewitnesses to all or part of the occurrence, including, but not limited to the identify of other persons in your vehicle.

**ANSWER TO INTERROGATORY NO. 14:**

Please refer to Defendants' initial disclosures and any and all supplements thereto.

**INTERROGATORY NO. 15:**

Give a complete statement of the facts as to how you contend that the occurrence took place including the exact location of the occurrence and the direction in which all operators were proceeding.

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

652.83

6

**ANSWER TO INTERROGATORY NO. 15:**

Responding Party objects to Interrogatory No. 15 on the grounds that it is compound and seeks a detailed narrative. *See, e.g.,* Hilt v. SFC, Inc., 170 F.R.D. 182, 186-87 (D. Kan. 1997); Grynberg v. Total S.A., 2006 WL 1186836, *6-7 (D. Colo. 2006); F.T.C. v. Ivy Capital, Inc., 2:11-CV-00283-JCM, 2012 WL 1883507, at *9 (D. Nev. May 22, 2012). Responding Party further objects to Interrogatory No. 15 on grounds that it is premature at this early stage in the discovery process and to the extent that it calls for expert opinion beyond the expertise of Responding Party.

Subject to the aforementioned objections, Responding Party responds as follows: Please refer to Nevada Traffic Crash Report, PLTF—802-PLTF00807 for Responding Party's description of the subject incident.

**INTERROGATORY NO. 16:**

Describe in detail your activities on the day of the collision from the time that you woke up in the morning until the time two hours after the collision.

**ANSWER TO INTERROGATORY NO. 16:**

Responding Party objects to Interrogatory No. 16 on the grounds that it is compound and seeks a narrative. Subject to the aforementioned objections, Responding Party responds as follows: Responding Party was traveling down Sahara Ave. and checked his mirror prior to making a lane change. The lane was clear and Responding Party began to move his vehicle over. Plaintiff "came under him" and Responding Party ended up hitting Plaintiff's bumper. After the collision, Plaintiff began to argue and blame Responding Party for the accident. Responding Party then called the police and the police investigated. Both the police officer and Plaintiff spoke Spanish and the police officer sided with Plaintiff ignoring or disregarding Responding Party's version of events. Responding Party did not take any photos, left the scene after receiving a ticket, and then called Ayman Enterprises, Inc. to report the accident. Please refer to Nevada Traffic Crash Report, PLTF—802-PLTF00807 for Responding Party's description of the subject incident.

///

///

///

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

652.83

**INTERROGATORY NO. 17:**

If you contend that any other person, whether or not a party to this action, acted in such manner as to cause or contribute to the occurrence, give a complete statement of the facts upon which you rely.

**ANSWER TO INTERROGATORY NO. 17:**

Responding Party objects to Interrogatory No. 17 on grounds that it is premature as discovery is still underway and claims and defenses are still developing. Responding Party also objects on the grounds that Interrogatory No. 17 is a "contention interrogatory" served early in litigation. *Cardoza v. Bloomin' Brands, Inc.*, 2015 WL 3875916 (D. Nev. June 22, 2015) ("Courts generally look with disfavor to broad contention interrogatories served early during litigation.") Currently, further discovery is necessary for Responding Party to provide its position. *Id.* ("Contention interrogatories are premature if a propounding party cannot present plausible grounds showing that early answers to contention questions will efficiently advance litigation, or if the [the answering party] does not have adequate information to assert its position.") (citing *Facedouble, Inc. v. Face.com, Inc*, 2014 WL 585868, *2 (S.D. Cal. Feb. 13, 2014)). Responding Party also objects to Interrogatory No. 17 to the extent that it seeks expert opinion beyond his expertise. Subject to the aforementioned objections, Responding Party responds as follows: Discovery is still underway and the depositions of the parties have not taken place. More information is needed to respond to this interrogatory and Responding Party will supplement once more information becomes available. Further, Responding Party contends that Plaintiff contributed to the collision.

**INTERROGATORY NO. 18:**

State the names and addresses of all experts whom you intend to call as witnesses at the trial of this matter. If any have prepared a report of his or her findings, please attach a copy of the report to your answers to these interrogatories. In addition, please state the subject matter upon which each such expert is expected to testify, the substance of the facts and opinions to which each such expert is expected to testify, and provide a summary of the grounds for each opinion.

///

///

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

652.83

8

**ANSWER TO INTERROGATORY NO. 18:**

Responding Party objects to Interrogatory No. 18 on grounds that it is compound and seeks a premature disclosure of experts and expert reports. Subject to the aforementioned objections, Responding Party responds as follows: Responding Party will disclose his experts and their reports on the initial expert disclosure deadline.

**INTERROGATORY NO. 19:**

With regard to all insurance agreements which may be required to pay any judgment rendered against any defendant in this case, state the name of each such insurance carrier, the amount of insurance provided by such carrier, whether or not such insurance is primary or excess, whether or not a reservation of rights agreement or similar agreement has been made concerning such coverage, and the name address and phone number of any agents involved in obtaining those policies.

**ANSWER TO INTERROGATORY NO. 19:**

Responding Party objects to Interrogatory No. 19 on grounds that it is compound. Subject to the aforementioned objection, Responding Party responds by directing Plaintiff to Progressive Declaration Page and Policy, DEF000032-DEF000053.

**INTERROGATORY NO. 20:**

Describe all written and verbal statements given by you, your employees, agents, servants, representatives or witnesses regarding the collision.

**ANSWER TO INTERROGATORY NO. 20:**

Responding Party objects to Interrogatory No. 20 to the extent any written statements were given as a result of an attorney directed investigation. Subject to the aforementioned objection, Responding Party responds as follows: Please refer to Nevada Traffic Crash Report, PLTF—802-PLTF00807.

**INTERROGATORY NO. 21:**

Identify all licenses for driving privileges for any and all motor vehicles as of December 9, 2021, providing the following information: (a) The license(s) number(s) for each and every state you are licensed; (b) Identify each and every license classification you have privileges for; (c) Identify each and every course(s) you have taken to obtain a commercial drivers license, providing the name

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

652.83

9

and address of each school or entity, the date(s) of graduation; (d) State the year in which you obtained your commercial drivers' license; and (e) State whether or not any state(s) have ever suspended and/or revoked your privileges to drive and if so state the relevant years and reasons for said suspension and/or revocation.

**ANSWER TO INTERROGATORY NO. 21:**

Responding Party objects to Interrogatory No. 21 on grounds that it is compound, overbroad in scope (both in geography/jurisdiction and time), and unduly burdensome given the substantial amount of information sought. Responding Party further objects on grounds that Plaintiff has exceeded the number of interrogatories permitted by FRCP 33. Subject to the aforementioned objections, Responding Party responds as follows: At the time of the subject incident, Responding Party was licensed in Tennessee. Driver license number is 122407110 and is a class D license.

**INTERROGATORY NO. 22:**

Were any tests, inspections or measurements made or taken with respect to the accident scene or any object involved in the accident that is the subject of this suit, by any Defendant herein or at their direction? If so, then please state: (a) the subject of each test, inspection or measurement; (b) the purpose of each such test, inspection or measurement; (c) the name and address of the person who conducted each test, inspection or measurement; (c) the date on which each test, inspection or measurement was performed; (d) the findings and results of each test, inspection or measurement; (e) the name and address of the person now having custody of any written report concerning each test, inspection or measurements; and (f) name and address of the person who may be able to provide this information in a deposition.

///

///

///

///

///

///

///

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

652.83

10

**ANSWER TO INTERROGATORY NO. 22:**

Responding Party objects to Interrogatory No. 22 on grounds that it is compound and Plaintiff has exceeded the number of interrogatories permitted by FRCP 33. Responding Party further objects to Interrogatory No. 22 to the extent that it seeks a premature disclosure of experts and their reports. Subject to the aforementioned objections, Responding Party responds as follows: Responding Party will disclose his experts and their reports (and any measurement data therein) on the initial expert disclosure deadline.

DATED this 8th day of November, 2023.

BARRON & PRUITT, LLP


_/s/ William H. Pruitt_
WILLIAM H. PRUITT, ESQ.
Nevada Bar No. 6783
JOSEPH MESERVY, ESQ.
Nevada Bar No. 14088
3890 West Ann Road
North Las Vegas, Nevada 89031
_Attorneys for Defendants_
_Ayman Enterprises, INC. and_
_Clarence Eugene Mitchell_

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

652.83

11

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 8th day of November, 2023, I served the foregoing **DEFENDANT CLARENCE EUGENE MITCHELL, II'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** as follows:

☒    US MAIL: by placing the document(s) listed above in a sealed envelope, postage prepaid, in the United States Mail at Las Vegas, Nevada, addressed to the following:

☐    BY FAX: by transmitting the document(s) listed above via facsimile transmission to the fax number(s) set forth below.

☐    BY HAND-DELIVERY: by hand-delivering the document(s) listed above to the address(es) set forth below.

☒    BY EMAIL: by emailing the document(s) listed above to the email address(es) set forth below.

☐    BY ELECTRONIC SERVICE: by electronically serving the document(s) listed above with all of the addresses registered to receive notifications via the Eighth Judicial District Court's e-filing system.

Joseph A. Gutierrez, Esq.
Nevada Bar No. 9046
Jason R. Maier, Esq.
Nevada Bar No. 8557
Stephen G. Clough, Esq.
Nevada Bar No. 10549
MAIER GUTIERREZ & ASSOCIATES
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: 702.629.7900
Facsimile: 702.629.7925
E-mail: jag@mgalaw.com
jrm@mgalaw.com
sgc@mgalaw.com
*Attorneys for Plaintiff*
*Edgar Avitia De La Vega*

Pengxiang Tian, Esq.
Nevada Bar No. 15662
PT LAW
2820 South Jones Boulevard, Unit 1
Las Vegas, Nevada 89146
Telephone: 702.763.5557
Facsimile: 702.956.8023
E-mail: calvin@ptlawlv.com

*Attorneys for Plaintiff*
*Edgar Avitia De La Vega*

_/s/ Tina Gonzalez_
An Employee of BARRON & PRUITT, LLP

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

652.83

12