**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Edgar Avitia De La Vega, | 2:23-cv-00865-RFB-MDC |
| Plaintiff(s), | **ORDER GRANTING MOTION FOR ATTORNEY'S FEES (ECF NO. 53)** |
| vs. | |
| Ayman Enterprises, Inc., et al., | |
| Defendant(s). | |

Plaintiff Edgar Avitia De La Vega filed a *Motion for Attorney's Fees* ("Motion"). *ECF No. 53*. The Court GRANTS the Motion IN PART. The Court finds that an award of $18,696.00 in attorney's fees and costs, to be paid by defendant Clarence Eugene Mitchell II, is reasonable.

## I.    BACKGROUND

This is a personal injury case. Defendant Mitchell allegedly crashed his employer's truck into plaintiff's vehicle. Defendant Mitchell has disappeared, and he has not cooperated in discovery. This Court ordered case terminating sanctions against defendant Mitchell. *ECF No. 52*. The plaintiff now brings this Motion against defendant Mitchell pursuant to this Court's earlier Order. *ECF No. 51 at 6-7*. Plaintiff argues in his Motion that Mitchell should be required to pay all of plaintiff's attorney's fees and costs associated with (1) having to bring both the first and the renewed Motion for Sanctions and (2) the written discovery and the depositions against defendant Mitchell. *ECF No. 53 at 2*. The defendants argue much of fees and costs plaintiff seeks were self-incurred and unwarranted; for example, defense counsel notified plaintiff in advance of each deposition that Mitchell would not be appearing. *ECF No. 54 at 2*. Plaintiff argues in the reply that he had to prosecute the case. *ECF No. 55 at 2*.

//

1

## II.    LEGAL STANDARD

"A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). In Nevada, "the method upon which a reasonable fee is determined is subject to the discretion of the court, which is tempered only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp*., 121 Nev. 837, 124 P.3d 530, 548–49 (2005) (en banc) (internal quotation marks omitted). One permissible method is the lodestar approach, which involves "multiplying the number of hours reasonably spent on the case by a reasonable hourly rate." *Id.* at 549, n.98 (internal quotation marks omitted).

The Nevada Supreme Court has held that courts should consider the following elements when determining attorney's fees: (1) the qualities of the advocate: their ability, training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived. *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349, 455 P.2d 31 (1969). The fact finder should consider each element such that "no one element should predominate or be given undue weight." *Id*. at 349–50, 455 P.2d 33.

Local Rule 54-14 also requires the moving party to include an attorney affidavit, "[a] reasonable itemization and description of the work performed," and a "brief summary" of thirteen categories of information. L.R. 54-14(a)–(b). The categories are: (1) the results obtained and the amount involved; (2) the time and labor required; (3) the novelty and difficulty of the questions involved; (4) the skill requisite to perform the legal service properly; (5) the preclusion of other employment by the attorney due to acceptance of the case; (6) the customary fee; (7) whether the fee is fixed or contingent; (8) the time limitations imposed by the client or the circumstances; (9) the experience, reputation, and ability of

the attorney(s); (10) the undesirability of the case, if any; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases; and (13) any other information the court may request.

"Where . . . the failure of a party or their attorney to attend a deposition is not substantially justified, the court is obliged to impose monetary sanctions to compensate both costs and attorney fees occasioned by the unjustified non-compliance." *DeShazier v. Williams*, No. CV F 06-0591 AWI SMS, 2009 WL 80430, at *1 (E.D. Cal. Jan. 13, 2009) (citing FRCP 37(d)); see also *Allen v. Walmart, Inc.*, No. 2:21-cv-01394-JAD-NJK, 2023 U.S. Dist. LEXIS 14170, at *2 (D. Nev. Jan. 26, 2023) (granting in part and denying in part a motion for attorney's part for discovery sanctions).

A Court may "after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FRCP 37(a)(5)(A). Three exceptions apply: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

The Court must calculate an award of attorney's fees using the "lodestar" method under *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1028 (9th Cir. 2000). To calculate the "lodestar," the Court must multiply "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* The Court "should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, at 461 U.S. at 434. A reasonable hourly rate is the rate prevailing in the community for similar work. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013). The relevant community is the community in which the court sits. *Schwarz v. Sec. of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). Although the resulting "lodestar" figure is presumptively reasonable, the court can further adjust that amount by

considering the factors laid out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), abrogated on other grounds by *City of Burlington v. Dague*, 505 U.S. 557 (1992). A district court's failure to consider the *Kerr* factors, which have been fully incorporated into Local Rule 54-14, constitutes an abuse of discretion. *See* 526 F.2d at 70; *see also* LR 54-14. "An attorney's fees award should include compensation for all hours reasonably expended prosecuting the matter, but 'hours that are excessive, redundant, or otherwise unnecessary' should be excluded." *Red Rock Fin. Servs. v. Russo*, No. 2:23-cv-01313-RFB-DJA, 2025 U.S. Dist. LEXIS 60932, at *17 (D. Nev. Mar. 31, 2025) (citing *Costa v. Comm'r of SSA*, 690 F.3d 1132, 1135 (9th Cir. 2012)).

## III.    ANALYSIS

### A.  The Brunzell Factors and LR 54-14

Regarding the first factor pertaining to the qualities of the advocates, plaintiff's lead counsel, Joseph Gutierrez declares that he has twenty-one years of experience in personal injury matters. *See ECF No. 53-1, Decl. Gutierrez ¶ 30*. Attorney Esteban Hernandez has nearly five years of experience. *Id*. The Court finds that plaintiff's counsel are experienced in this area of law and the first factor weighs in plaintiff's favor. Regarding the second and third factors, the character of plaintiff's counsel's work, and the work they performed, is significant. Counsel spent many hours drafting the subject interrogatories, attempting to get defense counsel to provide Mitchell's verification of such responses, and going back and forth with defense counsel for months to set up Mitchell's depositions. Counsel also expended time drafting the original motion for sanctions and the instant Motion. The Court finds that time spent on such tasks is reasonable and that the second and third factors both weigh in plaintiff's favor. Regarding the final factor, the result, unquestionably favors plaintiff as he successfully provided the evidence necessary for the Court to rule in his favor and enter case terminating sanctions against Mitchell. Plaintiff has satisfied the Brunzell factors.

Regarding LR 54-14, the Court also finds that the results obtained, the time and labor required, the experience, reputation, skill, and ability of the attorneys, all weigh in plaintiff's favor as the Court analyzed using the Brunzell factors. As it relates to the novelty and difficulty of the questions involved, this factor weighs only slightly in plaintiff's favor as it has undoubtedly been difficult for the plaintiff to deal with Mitchell's disappearance, but the issues here are not novel. Plaintiff's counsel is working on a contingency fee, which is neutral here. The customary fee factor weighs in plaintiff's favor given that counsel has submitted sworn declarations regarding their hourly rates. Plaintiff's counsel has not been precluded from working on other cases, so this factor does not weigh in his favor.  Regarding the time limitations imposed by the client or the circumstances, there were no unusual time limitations or extenuating circumstances.  However, there were the normal limitations of discovery deadlines and diligent prosecution of plaintiff's case.  Thus, this factor weighs slightly against the plaintiff. As it relates to the undesirability of the case, this case was not undesirable, so this factor is neutral. Regarding the nature and length of the professional relationship that counsel has with its client, this is the first case in which counsel has represented, so this factor is neutral. On balance, the factors outline in LR 54-14 weigh in plaintiff's favor.

## B.  Mitchell's Discovery Abuses

The Court gave defendant Mitchell multiple opportunities to comply with his discovery obligations. The Court finds that plaintiff's expenses related to filing the original motion and the renewed Motion, as well as preparing for oral argument, are reasonable per Rule 37. The Court finds that none of the exceptions apply. The first exception is inapplicable because plaintiff attempted in good faith to obtain defendant Mitchell's deposition and verification on numerous occasions. Plaintiff attempted to get verification for Mitchell's responses to his interrogatories and to get Mitchell to appear to a deposition for many months to no avail. The defendants' argument in the response, that plaintiff knew Mitchell would not appear, is not persuasive because the plaintiff has a duty to prosecute his case.

1

2

3

4

5

6

7

       The second exception does not apply because no justifiable explanation exists for Mitchell refusing to cooperate in discovery and failing to appear. Defense counsel represents that their office attempted to locate Mitchell for years. The Court finds that Mitchell has fled to avoid accountability and liability. The third exception is inapplicable because plaintiff should not have to bear the consequences of defendant Mitchell's absence. Mitchell is a crucial witness and party in this case, yet he has wasted significant time, effort, and expense by refusing to cooperate. The Court grants plaintiff's fees pursuant to FRCP 37.

8

### C. The Fees and Hourly Rate of Plaintiff's Counsel

9

10

11

12

13

14

15

16

17

       Plaintiff's counsel declares that they spent 38.4 hours working on the instant matter. *ECF No. 53-1, Decl. Gutierrez ¶ 24.* Some of the early case work included setting defendant Mitchell's deposition, noticing the deposition, hiring a court reporter, attending the deposition for which Mitchell failed to appear, and drafting the first motion for sanctions due to Mitchell's discovery abuses. The Court gave Mitchell a final opportunity to rectify his discovery failures, so counsel spent additional time and resources to set a date for the second deposition (Mitchell again failed to appear), and to obtain verification of Mitchell's responses to plaintiff's interrogatories. *Decl. Gutierrez ¶¶ 14–18.* Counsel also appeared in Court and prepared for oral arguments. Id. ¶ 24. The Court finds that plaintiff's counsel has spent a reasonable amount of time and is entitled to compensation.

18

19

20

21

22

23

24

       The Court has reviewed the plaintiff's billing/time and generally finds the time billed and amount requested to be reasonable. Plaintiff's counsel charges $595 per hour for the founding partner Gutierrez and $425 per hour for Hernandez, who is of counsel with the firm. ECF No. 53-1, Decl. Gutierrez ¶¶ 30–31. The Court finds that the $450.00 hourly rate for attorney Hernandez with five years of experience is reasonable. The reasonableness of the rate is established by the Declaration of Jospeh Gutierrez, who is the managing partner of Maier, Gutierrez & Associates and is supported by other case in this district. See *Humphries v. Button*, No. 2:21-cv-01412-ART-EJY, 2025 U.S. Dist. LEXIS 50920,

25

at *5 (D. Nev. Mar. 20, 2025) ($450 hourly rate for five-year associate reasonable). By extension, Court finds that a rate of $595 per hour for Gutierrez with over twenty years of experience is reasonable. *Id*., (finding rates of $750 and $600 reasonable for the Las Vegas legal community for attorneys with 25 years of experience or "substantial expertise and involvement in this case").

The attorneys break their time down as follows:

    a. Drafting/filing plaintiff's motions to compel:        5.0 hours.

    b. Preparing/attending depositions of defendant Mitchell:    5.3 hours.

    c. Drafting/filing plaintiff's motion to for sanctions:      4.7 hours.

    d. Drafting/filing plaintiff's reply brief:              8.2 hours.

    e. Drafting/filing plaintiff's renewed motion to for sanctions:  1.8 hours.

    f. Drafting/filing plaintiff's renewed reply brief:        2.5 hours.

    g. Preparing/attending hearing on motion for sanctions:   10.9 hours.

Plaintiff's counsel Gutierrez worked 22.8 hours and Hernandez worked 15.6 hours. Counsel also attached a timesheet for the legal work the attorneys performed, which the Court has reviewed. *ECF No. 53-7*. The Court reduces the $20,196.00 requested fees by $1,500.00 because (1) there is overlap of similar work for Attorney Hernandez's 09/18/2024 separate time entries; and (2) Attorney Joseph Gutierrez' 5/29/2025 entry appears to include tasks billed for in the 03/07/2025 billing entry. Overall, the Court finds that plaintiff's billing provides sufficient detail to allow the Court to determine the reasonableness of the time reported vis-a-vis the description of the tasks performed. All other factors support an award of $18,696.00 as reasonable.

//

//

//

//

**IT IS ORDERED** that:

1. Plaintiff's *Motion for Attorney's Fees* (ECF No. 53) is GRANTED IN PART.

2. The Court awards $18,696.00 in attorney's fees and costs, to be paid by defendant Clarence Eugene Mitchell II, to plaintiff's counsel.

Dated: September 4, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge